**UNITED STATES of America,**
**Appellee,**

v.

**David MILLER, Defendant–Appellant.**

**No. 10–5105.**

United States Court of Appeals,
Second Circuit.

Jan. 26, 2012.

James P. Egan, Research & Writing Specialist (Lisa Peebles, Federal Public Defender, Melissa A. Tuohey, Assistant Federal Public Defender, on the brief), Syracuse, NY, for Appellant.

Elizabeth S. Riker, Assistant United States Attorney (Lisa M. Fletcher, Assistant United States Attorney, on the brief), for Richard S. Hartunian, United States Attorney for the Northern District of New York, Syracuse, NY, for Appellee.

PRESENT: DENNIS JACOBS, Chief Judge, RICHARD C. WESLEY, SUSAN L. CARNEY, Circuit Judges.

### SUMMARY ORDER

David Miller appeals from a judgment of conviction, following a guilty plea to one count of receipt and distribution of child pornography and one count of possession. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Miller argues that there was nothing in the record to support the finding that he had been viewing child pornography since he was a teenager. Miller failed to object at sentencing, must therefore show plain error, and has not. *See United States v. Bonilla*, 618 F.3d 102, 111 (2d Cir.2010). He admitted (on two occasions) to viewing child pornography in his teens and apologized for continuing to view it.

Miller argues that his 192–month sentence is substantively unreasonable. But it is below the applicable Guidelines range, and it falls "within the range of permissible decisions." *See United States v. Rigas*, 583 F.3d 108, 124 (2d Cir.2009) (internal quotation marks omitted). The discussion of the Sentencing Guidelines in *United States v. Dorvee*, 616 F.3d 174, 184–88 (2d Cir.2010), is not to the contrary. Miller possessed thousands of images and videos of child pornography, some of which depicted sexual violence and prepubescent children; and over the course of at least twenty-three months, he received and distributed the files to others through peer-to-peer technology.

Finding no merit in Miller's remaining arguments, we hereby **AFFIRM** the judgment of the district court.